IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MOHENI AND TIANA LAKATANI, ) | CIVIL NO. 11-00203 LEK-RLP |
| ) | |
| Plaintiffs, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PLAINTIFF'S [SIC] |
| vs. ) | MOHENI AND TIANA LAKATANI'S |
| ) | REQUEST FOR ENTRY OF DEFAULT |
| WAYPOINT LAW GROUP, A FOREIGN ) | JUDGMENT AS TO DEFENDANT |
| CORPORATION; AMERICAN LENDING ) | WAYPOINT LAW GROUP, A FOREIGN |
| REVIEW, A FOREIGN CORPORATION; ) | CORPORATION |
| JEAN-PAUL SHAZADA; LYLE ) | |
| SAPERSTEIN; AND JIMMY MANSOOR, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S [SIC] MOHENI
AND TIANA LAKATANI'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AS TO
<u>DEFENDANT WAYPOINT LAW GROUP, A FOREIGN CORPORATION</u>[1]

Before the Court is Plaintiff's [sic] Moheni and Tiana Lakatani's Request for Entry of Default Judgment as to Defendant Waypoint Law Group, a Foreign Corporation, filed on October 26, 2011 ("Motion"). The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 9. After careful consideration of the Motion, the supporting declaration, and

_____

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART.

## BACKGROUND

Plaintiffs filed their Complaint on March 29, 2011. Docket No. 1. The Complaint alleges that the defendants worked in concert to perpetrate a fraud against Plaintiffs related to a promised modification of Plaintiffs' mortgage loan. Compl. ¶¶ 8, 31. Plaintiffs allege that they were approached by Jean-Paul Shazada, an employee of Waypoint Law Group ("Waypoint"), and were told that they could obtain a loan modification within a year and that their bank would forgive any missed mortgage payments when the loan modification was obtained. Id. ¶¶ 3, 8-9[2] at 3. Plaintiffs allege that they entered into two agreements with Waypoint, through Jean-Paul Shazada, on August 29, 2009, and on September 3, 2009. Id. ¶¶ 10, 10 at 3, 4. Between August 2009 and June 2010 Plaintiffs allegedly made over $26,000 in payments to Waypoint, through its employees or agents Jean-Paul Shazada, Lyle Saperstein, and Jimmy Mansoor by certified check, Money Gram, Western Union, or wire transfer. Id. ¶¶ 11, 14-19, 20-23, 25-27. During this time, Plaintiffs allege that Jean-Paul Shazada made repeated representations that Plaintiffs' loan modification was close to being approved and that Plaintiffs

---

[2] Because Plaintiffs' Complaint contains two sets of paragraphs numbered 9-12, the page numbers are included for reference. See Compl. at 3-5.

should continue making payments to him or his designees instead of making payments on their mortgage. Id. ¶¶ 11, 18, 20, 23, 25, 29. Plaintiffs allege that no loan modification was ever offered, their money has not been returned, and their home is now in the process of being foreclosed. Id. ¶ 28-30.

Waypoint was served on June 3, 2011, in San Diego, California, through its "agent authorized to accept service," Damien Pamilla. See Decl. of Counsel submitted in support of Plaintiffs' Request for Entry of Default as to Waypoint Law Group, a Foreign Corporation ¶ 2 and Ex. 1; Docket No. 5. Plaintiffs dismissed their claims against all of the other named defendants except Waypoint on October 25, 2011. Docket No. 11. The Clerk entered default against Waypoint on October 25, 2011. Docket No. 12. The present Motion followed. In the present Motion Plaintiffs request that the Court grant default judgment against Waypoint for two of the five claims asserted in the Complaint. Mot. at 2. Specifically, Plaintiffs ask for default judgment as to the fraud and unjust enrichment claims and ask the court to dismiss the claims for unfair and deceptive trade practices, breach of contract and covenant of good faith and fair dealing, and punitive damages. See id.; Compl. at 9-13.

## DISCUSSION

Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak

3

Credit Union v. Villages, 132 B.R. 742, 746 (9th Cir. 1991); see also Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for the entry of default judgment is within the discretion of the court. Haw. Carpenters trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiffs substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72. On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she it entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, necessary facts not contained in the pleadings and claims which are legally insufficient, are not

4

established by default. Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A. Jurisdiction**

As a preliminary matter, this Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Waypoint. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

**1. Subject Matter Jurisdiction**

First, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of Hawaii; Waypoint is a California corporation. Compl. ¶¶ 1-2. Plaintiffs' Complaint seeks damages "in excess of the jurisdictional limits of the Court." Id. at 13. Although Plaintiffs' Motion seeks less than $75,000 in damages, Plaintiffs' allegations in the Compliant are sufficient to satisfy the jurisdiction minimum. See Barcume v. Cortes, 24 Fed. Appx. 754, 755-756 (9th Cir. 2001) (holding that the court retained subject matter jurisdiction even though the plaintiff had requested default judgment in an amount below the

jurisdictional minimum). Accordingly, the Court has diversity jurisdiction over this matter. See 28 U.S.C. § 1332.

**2. Personal Jurisdiction**

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process. See Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008). Because Hawaii's long-arm statute, Hawaii Revised Statute § 634-35, reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction. Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)). For due process to be satisfied, a non-resident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)). The Ninth Circuit applies a three-part test to determine specific personal jurisdiction: (a) did the defendant purposefully avail itself of the privilege of conducting activities in the forum state; (b) does the claim relate to the defendant's forum related activities; and (c) is the exercise of jurisdiction reasonable. See Boschetto, 539 F.3d at 1021 (citing

Schwarzenegger, 374 F.3d at 802).

        **a.    Purposeful Availment**

The purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). This requirement ensures that a nonresident defendant will not be haled into court based upon "random, fortuitous or attenuated" contacts with the forum state. Id. (quoting Burger King Corp. V. Rudzewicz, 471 U.S. 462, 475 (1985)). A defendant need not have physical contacts with the forum, so long as its efforts are "purposefully directed" toward forum residents. Id. A defendant's efforts are "purposefully directed" if the defendant (1) committed an intentional act (2) expressly aimed at the forum state that (3) caused harm that the defendant knew was likely to be suffered in the forum state. See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1087 (9th Cir. 2000) (citing Calder v. Jones, 465 U.S. 783 (1984)).

Here, taking all allegations as true, the Court finds that Waypoint's efforts were purposefully directed toward Hawaii residents. Waypoint's employee, Jean-Paul Shazada, approached Plaintiffs, who are residents of Hawaii, and solicited them to enter into two agreements with Waypoint and directed them to make

payments in excess of $26,000.  Compl. ¶¶ 8, 10, 10 at 3-4.
These acts were intentional and aimed at residents of Hawaii.
These acts caused harm to Plaintiffs who paid Waypoint and did
not pay their mortgage in reliance on Waypoint's representations.
Given these actions, Waypoint knew that this harm would have been
suffered in Hawaii where Plaintiffs reside.  Accordingly, the
Court concludes that Waypoint's contacts with Hawaii are
sufficient to show purposeful availment.

      **b.**    **Claims Arise Out of Forum Related Activities**

The second requirement is that the claims asserted in
the litigation arise out of the defendant's forum related
activities.  Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler
v. Indian River Cnty., 64 F.3d 470, 474 (1995)).  This requires a
showing that the plaintiff would not have been injured "but for"
the defendant's conduct directed toward the forum.  Id.  Here,
but for Waypoint approaching Plaintiffs and soliciting them to
enter into loan modification agreements, Plaintiffs would not
have paid over $26,000 to Waypoint instead of making their
mortgage payments.  Accordingly, the Court concludes that the
second requirement for specific personal jurisdiction is
satisfied.

      **c.**    **Reasonableness**

The exercise of personal jurisdiction must be
reasonable.  Id. (citing Ziegler, 64 F.3d at 474-75).  To

determine reasonableness, the Court must balance seven factors: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)). Here, the court finds the exercise of specific jurisdiction over Waypoint is reasonable because: the causes of action arise under Hawaii law; Hawaii has a strong interest in protecting its citizens against fraud; there is little burden on Waypoint to appear in Hawaii from California; and Waypoint purposefully directed its activities at Hawaii. Therefore, the Court's exercise of personal jurisdiction over Waypoint is reasonable.

Based on the above analysis, the Court finds that it has both subject matter and personal jurisdiction over Waypoint.

**B. Eitel Factors**

Having determined that jurisdiction is proper, the Court must consider whether default judgment is appropriate under

the Eitel factors. The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsi Co, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, considering Waypoint's failure to respond or otherwise cooperate in this litigation, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims and Sufficiency of the Complaint

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. The second and third Eitel factors favor default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8; Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978). As discussed below, the Court finds that Plaintiffs' factual allegations sufficiently state a claim for relief.

#### a. Fraud

The elements of fraud are: (1) false representations;

(2) with knowledge of their falsity; (3) in contemplation of the plaintiff's reliance; and (4) the plaintiff's detrimental reliance.  See Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Haw. 461, 482-83, 228 P.3d 341, 362-63 (Haw. App. 2010).  Here, Waypoint, through the actions of its employees and agents, made representations that "proved to be untrue and/or misleading" with respect to Plaintiffs' promised loan modification.  Compl. ¶ 33. Plaintiffs did not know that those representations were not true and that they justifiably relied upon those representations and expected that Waypoint would obtain a loan modification or advise Plaintiffs that it was unable to do so.  Id. ¶ 34.  Waypoint intentionally made these representations to induce Plaintiffs to send it money.  Id. ¶ 35, 36.  Plaintiffs justifiably relied on these representations to their detriment.  Id. ¶ 37.

### b. Unjust Enrichment

To state a claim for unjust enrichment, Plaintiffs need only assert "that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." Durette v. Aloha Plastic Recycling, Inc., 105 Haw. 490, 504, 100 P.3d 60, 74 (Haw. 2004) (internal quotation marks, citation, and brackets omitted).  Here, between August 2009 and June 2010 Plaintiffs made over $26,000 in payments to Waypoint, through its employees or agents Jean-Paul Shazada, Lyle Saperstein, and Jimmy Mansoor by certified check, Money Gram, Western Union, and wire

transfer. Compl. ¶¶ 11, 14-19, 20-23, 25-27. During this time, Plaintiffs allege that Jean-Paul Shazada made repeated representations that Plaintiffs' loan modification was close to being approved and that Plaintiffs should continue making payments to him or his designees instead of making payments on their mortgage. Id. ¶¶ 11, 18, 20, 23, 25, 29. Plaintiffs allege that no loan modification was ever offered and their money has not been returned. Id. ¶ 28-30. Plaintiffs allege that they have not received anything for their payments to Waypoint. Id. ¶ 46. Waypoint has been unjustly enriched by retaining the money given to it by Plaintiffs. Id. ¶ 47.

The Court finds that Plaintiffs allegations, taken as true, are sufficient to establish that they are entitled to judgment against Waypoint for fraud and unjust enrichment. Accordingly, these factors weigh in favor of default judgment.

### 3. Sum of Money at Stake

The Court must consider the amount of money at stake in relation to the seriousness of Waypoint's conduct. See Pepsi Co, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $59,939.92, including general damages and costs incurred to date. Plaintiffs' damages request is tailored to Waypoint's specific wrongful conduct in making misrepresentations related to the loan modification and its unjust enrichment. The Court finds that this factor weighs in

12

favor default judgment.

### 4. Possibility of Dispute Concerning Material Facts

As noted above, the well pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo SYS., Inc., 826 F.2d at 917-18 (citing Geddes, 559 F.2d at 560). Here, given the sufficiency of the complaint, no genuine dispute of material fact would preclude granting default judgment. Waypoint has been given a fair amount of time to answer the Complaint and to deny that it defrauded Plaintiffs; Waypoint has not done so. Because no dispute has been raised regarding Plaintiffs material factual allegations, the Court finds that this factor favors default judgment.

### 5. Whether Default was Due to Excusable Neglect

The Court finds that Waypoint's default was not the result of excusable neglect. "A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). Here, Plaintiffs allege that they properly served the summons and complaint on Waypoint's agent. See Decl. of Counsel submitted in support of Plaintiffs' Request for Entry of Default as to Waypoint Law Group, a Foreign Corporation ¶ 2 and Ex. 1; Docket No. 5. It does not appear that Waypoint's default resulted from excusable neglect. Waypoint did not file a

13

response to Plaintiffs Complaint and has not appeared in this matter to date. The record suggests that Waypoint's default was not the result of any excusable neglect, but rather due to Waypoint's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 6. Policy Favoring Decisions on the Merits

Waypoint's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action. Pepsi Co., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) (the mere existence of Rule 55(b) indicates that this factor is not dispositive). Here, Waypoint has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Waypoint.

### 7. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Waypoint. Based on all the Eitel factors discussed above, the Court finds that Plaintiffs are entitled to default judgment.

14

**C. Damages**

Having determined that the default judgment should be entered against Waypoint, the Court now turns to the matter of damages. Plaintiffs are entitled to damages for its fraud and unjust enrichment claims, but must prove all damages sought. See Philip Morris USA, Inc., 219 F.R.D. at 498 ("Plaintiff is required to prove all damages sought in the complaint."). "[E]ven a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." LG Elecs., Inc. v. Advance Creative Computer, 212 F.Supp. 2d 1171, 1178 (N.D. Cal. 2002). "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. See Philip Morris USA, Inc., 219 F.R.D. at 498 (citing Cripps, 980 F.2d at 1267).

Here, Plaintiffs' Motion requests $29,757.27 in damages for its fraud claim and $29,757.27 in damages for its unjust enrichment claim. Mot. at 2. The only "evidence" offered by Plaintiffs in support of these damages is Plaintiffs' counsel's declaration, which states that the Complaint makes a claim for a "sum certain." See Decl. of Counsel submitted in support of Mot. ("Merrill Decl.") ¶ 2. The Court disagrees that the Complaint sets forth a claim for a sum certain. First, the Complaint does not make any specific claim for damages related to the fraud claim, but instead states that Plaintiffs "have been damaged in

15

such amount as shall be proved at the trial." Compl. ¶ 37. Second, for the unjust enrichment claim, although the Complaint alleges that Waypoint was unjustly enriched by $29,757.27, the specific allegations related to the payments conflict with this stated amount. See id. ¶ 45. Specifically, the payments allegedly made to Waypoint, through its employees or agents, total only $26,425.27. Id. ¶¶ 11, 14-19, 21-23, 25-27. The Complaint also contains allegations that two additional payments of $1,666.00 each were made to "Monticello Banking Corporation"; however, there are no allegations in the Complaint regarding that entity. See id. ¶¶ 11, 12. Further, the Complaint contains allegations of additional damages in the amount of $1,562.00 that were incurred by Plaintiffs related to the cost of making the payments to Waypoint, but it does not appear that this amount was included in the request for damages. See id. ¶ 31. Plaintiffs did not submit any affidavits to support their allegations regarding the various payments made to Waypoint or to support their claimed damages for fraud.

The Court finds that there is an insufficient evidentiary basis to determine damages for Plaintiffs' claim of fraud and unjust enrichment. The Court directs Plaintiffs to submit a Supplemental Motion for Default Judgment with further briefing and/or evidence to support Plaintiffs' request for damages in an amount sufficient to compensate them for the damage

16

sustained as a result of Waypoint's fraud and unjust enrichment. If the Court determines that a Rule 55(b) hearing is necessary, the Court will schedule a hearing following the review of any Supplemental Motion for Default Judgment. If Plaintiffs fail to submit a Supplemental Motion for Default Judgment, the Court will issue an Amended Findings and Recommendation recommending that the district court direct the Clerk of Court to enter judgment without an award of damages for the fraud and unjust enrichment claims.

In addition to the damages for fraud and unjust enrichment, Plaintiff also asks to be awarded $425.38 in costs for filing fees and process server fees. Plaintiffs' counsel's declaration included invoices supporting these claims for costs. See Merrill Decl. ¶ 4 and Exs. 1 and 2. The Court finds that the requested costs are reasonable and should be awarded.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART as follows:

(1) Default judgment be entered in Plaintiffs favor and against Defendant Waypoint Law Group for fraud and unjust enrichment;

(2) Plaintiffs' claims against Defendant Waypoint Law Group for unfair and deceptive trade practices, breach of contract and covenant of good faith and fair dealing, and

punitive damages be dismissed.

(3) Plaintiffs shall file any Supplemental Motion for Default Judgment regarding damages within 30 days of this Findings and Recommendation.

(4) Plaintiffs are entitled to costs in the amount of $425.38.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 5, 2011



Richard L. Puglisi
United States Magistrate Judge

**LAKATANI V. WAYPOINT LAW GROUP, ET AL., CIVIL NO. 11-00203 LEK-RLP; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WAY POINT LAW GROUP**