IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MOHENI AND TIANA LAKATANI, | ) | CIVIL NO. 11-00203 LEK-RLP |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT PLAINTIFFS' MOHENI AND |
| vs. | ) | TIANA LAKATANI'S REQUEST FOR |
| | ) | ENTRY OF DEFAULT JUDGMENT AS TO |
| WAYPOINT LAW GROUP, A FOREIGN | ) | DEFENDANT WAYPOINT LAW GROUP, A |
| CORPORATION; AMERICAN LENDING | ) | FOREIGN CORPORATION, BE GRANTED |
| REVIEW, A FOREIGN CORPORATION; | ) | |
| JEAN-PAUL SHAZADA; LYLE | ) | |
| SAPERSTEIN; AND JIMMY MANSOOR, | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOHENI AND TIANA
LAKATANI'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT
WAYPOINT LAW GROUP, A FOREIGN CORPORATION, BE GRANTED[1]

Before the Court is Plaintiffs' Moheni and Tiana Lakatani's Request for Entry of Default Judgment as to Defendant Waypoint Law Group, a Foreign Corporation, filed on June 22, 2012 ("Motion"). ECF No. 27. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 28. No opposition or other response to the Motion was filed. After careful consideration of the Motion, the supporting declaration and exhibits from

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Plaintiffs, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED and Plaintiff be awarded damages in the amount of $29,637.51.

BACKGROUND

The Complaint alleges that Waypoint Law Group's ("Waypoint") employees or agents perpetrated a fraud against Plaintiffs related to a promised modification of Plaintiffs' mortgage loan. Compl. ¶¶ 8, 31. Between August 2009 and June 2010 Plaintiffs allegedly made over $26,000 in payments to Waypoint by certified check, Money Gram, Western Union, or wire transfer. Id. ¶¶ 11, 14-19, 20-23, 25-27.

The present Motion is Plaintiffs' second request for default judgment that specifically addresses the issue of damages. On December 20, 2011, the court granted default judgment in favor of Plaintiffs and against Waypoint for fraud and unjust enrichment, awarded costs, and allowed Plaintiffs to file a supplemental motion addressing the issue of damages. ECF No. 16.; ECF No. 15 at 17-18.[2] In the present Motion, Plaintiffs request damages for fraud in the amount of $1,546.24 and damages for unjust enrichment in the amount of $28,091.27.

DISCUSSION

On default "the factual allegations of the complaint,

---

[2] The Court awarded $425.38 in costs for filing fees and process server fees. See ECF No. 16; ECF No. 15 at 18.

2

except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she it entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[E]ven a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." LG Elecs., Inc. v. Advance Creative Computer, 212 F.Supp. 2d 1171, 1178 (N.D. Cal. 2002).  "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing Cripps v. Life Ins. Co of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

In its prior decision, the court determined that Plaintiffs are entitled to damages for their fraud and unjust enrichment claims. See ECF Nos. 16 and 17.  First, regarding the fraud claim, Plaintiffs request that the court award damages in the amount of $1,546.24.  Decl. of Counsel ¶ 3.  Plaintiffs provided information and exhibits showing that they incurred costs in sending the money to Waypoint of $1,546.24.  ECF No. 17 at 10-11.  The documentation provided by Plaintiffs show damages

3

incurred in the amount requested.  Accordingly, the Court finds that Plaintiffs have established damages for fraud in the amount of $1,546.24.

Second, regarding the unjust enrichment claim, Plaintiffs' declaration details, with exhibits, the various payments that they made to Waypoint between August 2009 and July 2010, totaling $28,091.27.  <u>See</u> ECF No. 17 at 10.  The documentation provided by Plaintiffs show payments in the amount requested as damages.  Accordingly, the Court finds that Plaintiffs have established damages for unjust enrichment in the amount of $28,091.27.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS that Plaintiffs are entitled to damages in the amount of $29,637.51 and RECOMMENDS that Plaintiffs' Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 13, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

**LAKATANI V. WAYPOINT LAW GROUP, ET AL., CIVIL NO. 11-00203 LEK-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WAY POINT LAW GROUP BE GRANTED**